IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROBERT WALKER, #119326                                                                PETITIONER

VERSUS                                                          CAUSE NO. 2:13-cv-156-KS-MTP

RON KING, Superintendent, et al.                                                    RESPONDENTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Walker, an inmate currently incarcerated in the South Mississippi Correctional Institution (SMCI), Leakesville, Mississippi, files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Upon review of the petition [1], petitioner's response [7], and consideration of the applicable case law, this Court has determined that Petitioner cannot maintain the instant petition for habeas relief.[1]

Background

Petitioner files the instant habeas petition challenging the disciplinary charge, hearing and resulting punishment of Rule Violation Report (RVR) #01337885 for possession of major contraband, specifically the possession of a cell phone charger. Pet'r's Resp. [7]. He received as punishment for being found guilty of RVR #01337885 the following: he was transferred to South Mississippi Correctional Institution (SMCI) and housed in the Cellular Phone Unit, he was removed from trusty status for six months, and he lost all privileges not to exceed two months. *Id.*

---

[1] Petitioner filed his response [7] to the order [5] entered on October 1, 2013, without signing it. The Court entered an order [8] on October 11, 2013, directing Petitioner to correct this omission, which Petitioner did by signing the response [9] which was filed on October 24, 2013.

The attachments to the petition [1] establish that Petitioner filed a review of the disciplinary hearing through the Administrative Remedy Program which was denied. Petitioner then appealed the denial of his administrative request by filing a petition with the Circuit Court of Greene County, Mississippi. Pet. [1] p. 3. The Circuit Court of Greene County affirmed the prison official's decision to deny his administrative remedy request. *Id.* Petitioner states in his response [7] that he did not appeal the decision of the Circuit Court of Greene County to the Mississippi Court of Appeals or Mississippi Supreme Court.

Petitioner presents in his petition [1] as ground for habeas relief the follows:

> March 6, 2013 while being housed at Pearl River County CC a search was conducted of my rack later to be discovered was a cell phone charger. I was written up but never clearly stated where this contraband was located. I was transferred to SMCI and on March 16, 2013, I was issued a RVR 10 days after the contraband was discovered and the Reporting Officer was also the Disciplinary Hearing Officer. MDOC policy was violated on several different times on this RVR.

## Analysis

A petitioner is required to allege that he has been deprived of a Constitutional right in order to maintain a request for habeas relief. *See Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Liberally construing the petition [1] and response [7], this Court finds that Petitioner is arguing that his constitutional rights have been violated as a result of being charged and found guilty of RVR #01337885. As discussed below, Petitioner's ground for habeas relief does not establish that he has been denied a constitutional right and therefore, the instant habeas petition will be dismissed.

To invoke the protections of the Due Process Clause, Petitioner must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from

restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The denial of prison privileges or the classification of Petitioner in a certain level of custody is not an "atypical and significant hardship" of prison life. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification" and remanding case to determine if lock-down status for thirty years was "atypical" under *Sandin*). Additionally, a prisoner does not have a constitutional right to a particular housing assignment. *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)(relying on the decisions of *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983) and *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996)(holding "a prisoner has no liberty interest in being housed in any particular facility"). Simply put, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (finding inmate's thirty day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *see also Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010)(holding an inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional violation").

Moreover, the Mississippi Supreme Court has held that "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps*, 958 So. 2d 271, 274 n.2 (Miss. 2007)(citing Miss. Code Ann. § 47-5-138.1(Rev. 2004)). Therefore, trusty status is determined by the classification board of MDOC pursuant to

Mississippi Code Annotated §§ 47-5-99 to 47-5-103 (1972), and said statutes do not create an expectation of any particular classification.  *Tubwell v. Griffith*, 742 F.2d 250, 253 (5th Cir. 1984).  In sum, Petitioner does not have a constitutionally protected right to a certain classification level (including trusty status) and any accompanying privileges while in prison.  Because Petitioner did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by being removed from trusty status, losing his prison privileges for two months and being unable to earn trusty or earned time, he has not suffered a violation of his due process rights.  *See Braxton v. Gusman*, No. 10-2241, 2011 WL 802622, at *4-5 (E.D. La. Feb. 7, 2011).

Also, Petitioner is not entitled to relief based on his claim that MDOC policy and procedure was violated by the complained of rule violation report and resulting disciplinary process.  These allegations, without more, simply do not rise to a level of constitutional deprivation.  *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986))("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."); *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(holding inmate does not have a federally protected liberty interest in having prison grievances resolved to his satisfaction).

## Conclusion

For the reasons discussed in this Memorandum Opinion and Order, the Court finds that Petitioner has failed to state a viable ground for habeas corpus relief pursuant to 28 U.S.C. § 2254.  This case will be dismissed with prejudice without an evidentiary hearing.  Accordingly, it is

ORDERED that the Clerk add Ron King as a respondent.  *See* Pet'r's Resp. [7].

IT IS FURTHER ORDERED that this case is dismissed with prejudice without an evidentiary hearing.  A separate Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 6th day of December, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE